**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JONATHAN BRYANT, | : | |
| | : | Civil Action No. 09-220 (JBS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| OFFICER SHARMA, | : | |
| OFFICER KROLICK, | : | |
| OFFICER TREHERNE, DEBRA | : | |
| MUSCARELLA, SERGEANT | : | |
| COOKE, and LIEUTENANT | : | |
| SENATO, | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

>    JONATHAN BRYANT, Plaintiff pro se
>    SBI # 338408
>    James T. Vaughn Correctional Center
>    Smyrna, Delaware 19977

**SIMANDLE,** District Judge

Plaintiff Jonathan Bryant ("Bryant"), currently confined at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the

Court concludes that the Complaint must be dismissed.

## I. BACKGROUND

Bryant brings this action, pursuant to 42 U.S.C. § 1983, against VCC correctional officers Sharma ("Sharma"), Krolick ("Krolick"), and Treherne ("Treherne"), psychotherapist Debra Muscarella ("Muscarella"), Sergeant Cooke ("Cooke"), and Lieutenant Senato ("Senato"). (D.I. 2.) The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court makes no findings as to the veracity of Bryant's allegations.

Bryant alleges that several times in November 2009, and while he was housed on the 1F Unit, he was threatened by Sharma. Krolick also took part in the harassment. Bryant was transferred to the infirmary, and Sharma and Krolick were responsible for the transfer of his belongings; a composition book and skin cream.[1] The items are now missing. Cooke conducted an unsuccessful search for the book.

Bryant also alleges that it was Treherne's responsibility to mail his legal documents to the New Castle County Courthouse and the Attorney General of the State of Delaware ("Attorney General"). The Attorney General did not receive the letter.[2]

---

[1] Muscarella had given the book to Sharma.

[2] Apparently the letter was received by the Court as Bryant does not allege that it was not received.

Bryant seeks compensation for his missing belonging as well as injunctive relief.

## II. STANDARDS FOR SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008)(not published); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229

(3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). "To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, -U.S.-, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when its factual content allows the court to draw a reasonable inference that Defendant is liable for the misconduct alleged. Id. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Id. (quoting Fed. R. Civ. P. 8(a)(2)). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at

4

94 (citations omitted).

### III.  SECTION 1983 ACTIONS

Bryant brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory. . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.  ANALYSIS

A. Personal Involvement

Senato is named as a Defendant, but the Complaint does not contain any allegations directed towards him.  "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  Sutton v. Rasheed, 323 F.3d 236, 249 (3d

5

Cir. 2003)(quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Bryant provides no facts to support a claim against Senato. Therefore, the Court will dismiss the claims against him as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)and § 1915A(b)(1).

B. Verbal Harassment

Bryant alleges that he was harassed by Sharma and Krolick. Verbal abuse and harassment, however, do not rise to the level of a constitutional violation. See Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993); see also McBride v. Deer, 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights). Similarly, allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983. Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him). To the extent that Bryant alleges verbal abuse and harassment, those claims will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)and § 1915A(b)(1).

C. Personal Property

Bryant alleges that his personal property went missing upon

6

his transfer to the infirmary. He infers that Sharma and Krolick are responsible for the missing property; states that his book, now missing, was given to him by Muscarella; and asserts that Cooke searched for the book to no avail.

Initially the Court notes that Bryant's allegations against Muscarella and Cooke do not rise to the level of constitutional violations. Muscarella gave Bryant the now missing book and Cooke tried to find the missing book. The claims against them are frivolous and will be dismissed.

Bryant's claim for his missing property raised against Sharma and Krolick also must be dismissed. A prisoner's due process claim based on random and unauthorized deprivation of property by a state actor is not actionable under § 1983, whether the deprivation is negligent or intentional, unless there is no adequate post-deprivation remedy available. See Parratt v. Taylor, 451 U.S. 527, 542 (1981), overruled on other grounds by, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984). Bryant has available to him the option of filing a common law claim for conversion of property. Inasmuch as Delaware law provides an adequate remedy for Bryant, he cannot maintain a cause of action pursuant to § 1983. See Hudson, 468 U.S. at 535; Nicholson v. Carroll, 390 F. Supp. 2d 429, 435 (D. Del. 2005); Acierno v. Preit-Rubin, Inc., 199 F.R.D. 157 (D. Del. 2001) (other citations omitted).

The claim for missing property lacks an arguable basis in law or in fact and must, therefore, be denied as frivolous. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

D. Access to the Courts

Bryant alleges that Treherne was responsible for mailing documents to the State Court and to the Attorney General, but that the Attorney General did not receive a letter directed to him. Prisoners must be allowed "adequate, effective and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law libraries or direct legal assistance). "Many courts have found a cause of action for violation of the right of access stated where it was alleged that prison officials confiscated and/or destroyed legal materials." Zilich v. Lucht, 981 F.2d 694, 695 (3d Cir. 1992) (citations omitted).

A violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access. The actual injury requirement is a constitutional prerequisite to suit. Lewis v. Casey, 518 U.S. 343, 351 (1996); Christopher v. Harbury, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"). An actual injury is shown only where a nonfrivolous,

8

arguable claim is lost.  Christopher, 536 U.S. at 415.

Bryant's claim against Treherne fails.  There are no allegations that Bryant was actually injured by the alleged denial of access to the courts.  In fact, the complaint does not allege denial of access to the courts.  Rather, it alleges that the Attorney General did not receive a letter that was to be mailed to it.  There are no allegations that Bryant's filings or letters were not received by the State Court.  Bryant's access to the courts will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### V.   CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Amendment of the Complaint would be futile.

An appropriate Order accompanies this Opinion.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge

Date: **September 10, 2009**